## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCK SPRING LAW GROUP, PLLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 23-cv-1070 |
| v. ) | |
| ) | |
| NEXUS SERVICES, INC. ) | |
|     Serve: Registered Agent ) | |
|     INCORP Services, Inc. ) | |
|     7288 Hanover Green Drive ) | |
|     Mechanicsville, VA 23111 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Rock Spring Law Group, PLLC ("RSLG"), brings this Complaint against Defendant Nexus Services, Inc. ("Nexus") and requests that the Court enter judgment against Defendant in favor of the Plaintiff on the ground as hereinafter set forth.

## NATURE OF THE CAUSE

1.  This is an action to hold Nexus liable for breach of written contract to pay RSLG for providing legal services. This action is also to hold Nexus liable for breach of oral contract and/or quantum meruit to pay RSLG for providing additional legal services to Nexus.

2. Nexus breached its written and oral agreements with Plaintiff to provide the legal services by failing to pay Plaintiff for those services in the amount of $408,914.72.

## PARTIES

3. Plaintiff RSLG is a professional limited liability company organized under the laws of the District of Columbia with its office in the District of Columbia. Plaintiff is a law firm engaged in the business of providing legal services. Plaintiff's sole member is Carl A. Anderson who is an attorney licensed by the District of Columbia Bar, and a citizen and resident of the Commonwealth of Virginia.

4. Nexus Services, Inc. ("Nexus") is a domestic for-profit corporation organized under the laws of Georgia, registered to do business in Virginia with its principal place of business at 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482. Nexus is engaged in the business of providing immigrant bond securitization services.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the breach of contract claims at issue pursuant to 28 U.S.C. § 1332 because this action involves a dispute between citizens of different states, and involves an amount in controversy which exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant Nexus Services, Inc. pursuant to D.C. Code § 13-423(a) because the cause of action, or part thereof, arose in the District of Columbia.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the breach of contract claims occurred in this judicial district pursuant to the choice of law chosen between the parties.

## COUNT I
### (Breach of Contract – RSLG Engagement Agreement)

8. RSLG realleges and incorporates by reference the allegations set forth in paragraphs 1 through 7, inclusive, as if fully set forth herein.

9. On May 12, 2021, Nexus and RSLG executed an Agreement for Legal Services and formed a binding, enforceable contract between the parties. (See Exhibit A). According to the Agreement, RSLG was "engaged to represent Nexus Services, Inc. in relation to ongoing legal matters and to enter court appearances in legal actions and proceedings."

10. Throughout 2021 and 2022, RSLG entered appearances on behalf of Nexus and represented the company in ongoing legal matters as requested by the Chief Executive Officer and General Counsel of Nexus.

11.     Per the terms of the agreement, RSLG was to bill hours to Nexus for the work performed and submit a monthly invoice to Nexus.  Payment was due within 30 days of the receipt of the invoice.

12.     RSLG carried a caseload within the expectation of the parties and met all of its obligations under the Agreement for Legal Services.

13.     RSLG submitted invoices to Nexus each month for payment.

14.     Nexus approved and processed those invoices through their accounts payable business software each time an invoice was submitted by RSLG.

15.     Nexus failed to remit to RSLG the payments called for under the agreement. However, Nexus repeatedly promised RSLG that payment would be forthcoming and made in full.

16.     RSLG fully performed under the agreement through the end of its term.

17.     Nexus has not claimed that RSLG did not provide the services it agreed to under the Agreement for Legal Services, that the quality of RSLG's services were deficient in any way or the monies to be remitted under the agreement are not owed.

18.     Nexus has never attempted to terminate the parties' agreement and in fact, asked for RSLG to continue to take on additional work and caseload as recent as November 2022.

19. To date, Nexus owes RSLG $378,169.47, under the Agreement for Legal Services.

20. As a proximate cause of Nexus' breach of contract, RSLG has suffered compensatory damages in the amount of $378,169.47 and is entitled to all other damages permitted by law.

## COUNT II
### (Breach of Oral Contract – RSLG and CEO, Micheal Donovan)

21. RSLG realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. RSLG and Defendant Nexus Services, through CEO Micheal Donovan, entered into an oral agreement whereby RSLG agreed to perform specific legal services in exchange for payment of those services by Nexus Services. Those services were outside the scope of the Agreement for Legal Services.

23. The scope of work consisted of interviewing witnesses and travel related to ongoing legal matters affecting Nexus.

24. RSLG performed the work which could have been performed within one year.

25. Despite knowing and acknowledging that RSLG provided the services, and did so at its request, Nexus Services failed to pay RSLG in full for its services.

26.     As a direct and proximate result of Defendant's failure to comply with the terms of the parties' oral contract, RSLG has suffered compensatory damages in the amount of $30,745.25 and is entitled to all other damages permitted by law.

**COUNT III**
**(Quantum Meruit)**

27.     RSLG realleges and incorporates by reference the allegations set forth in paragraphs 1 through 26, inclusive, as if fully set forth herein.

28.     Alternatively to Count II, Nexus requested that RSLG provide legal services consisting of interviewing witnesses and travel related to ongoing legal matters affecting Nexus. Those services were outside the scope of Agreement for Legal Services.

29.     RSLG performed the legal services requested.

30.     In return for the services performed, RSLG reasonably anticipated payment in full by Nexus.

31.     The provision of these services had value to Nexus.

32.     Nexus is indebted to RSLG in quantum meruit for the services rendered on its behalf.

**PRAYER FOR RELIEF**

Plaintiff RSLG prays that this Court entered judgment in its favor and against Nexus Services, Inc. in the following amounts:

A.  As to Count I, in the amount of $378,169.47, plus reasonable attorney's fees and expenses incurred in connection with legal enforcement, and pre and post judgment interest and costs as allowed by law;

B.  As to Count II and III, in the amount of $30,745.25, plus reasonable attorney's fees and expenses incurred in connection with legal enforcement, and pre and post judgment interest and costs as allowed by law;

C.  Such other and further relief as the Court may deem just and proper.

TRIAL BY JURY ON ALL COUNTS IS HEREBY DEMANDED.

ROCK SPRING LAW GROUP, PLLC

/s/ CARL A. ANDERSON

Carl A. Anderson, D.C. Bar No. 492304
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com