UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCK SPRING LAW GROUP, PLLC,<br>Plaintiff,<br><br>v.<br><br>NEXUS SERVICES, INC.,<br>Defendants. | No.: 23-cv-1070<br>Judge: Hon. Beryl A. Howell |

## DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant, Nexus Services, Inc. ("Nexus"), who, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff's, Rock Spring Law Group, PLLC ("RSG"), Complaint (ECF Doc. No 1) pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2) and states in support as follows:

1. Carl Anderson, a Virginia resident, offered to provide legal services through his single-member law firm, organized under the laws of the District of Columbia.

2. Mr. Anderson made an appearance in a single matter, which was pending in the Western District of Virginia. *RLI Ins. Co. v. Nexus Services, et al.*, No. 5:18-cv-00066 (W.D.Va.).

3. Mr. Anderson provided services related to this single matter in the Western District of Virginia, *i.e.*, he provided legal services in Virginia based on an offer made to a Virginia corporation, which if agreed to at all was agreed to in

1

Virginia.

4. Mr. Anderson, sent, via email, on information and belief from Virginia, an agreement to another Virginia resident to provide legal services in Virginia.

5. The *only* connection to the District of Columbia is that RSG happens to be organized under the District of Columbia's laws.

6. No work was performed in the District of Columbia, nor did the contract consider any services to be performed within the jurisdiction.

7. The Contract[1] was not negotiated in the District of Columbia.

8. No oral agreement was entered in the District of Columbia.

9. No purported breaches occurred in the District of Columbia.

10. The Contract was not signed in the District of Columbia—to the extent that the "Contract" was ever executed.

11. There is no substantial vis a vis the Contract and the District of Columbia.

12. Nor is there any connection between the purported oral agreement and the District of Columbia.

13. Nor is there any connection between the district and the "services" purportedly performed.

14. Further still, this is no connection is pleaded within the Complaint.

---

[1] Defendant utilizes the term "Contract" throughout, to refer to the offer made by Mr. Anderson, but does so for ease of description not because Defendant admits that it was accepted, executed, or indeed that any contract as a matter of law was formed.

15. Moreover, no minimum contacts are pleaded between the Defendant and the District of Columbia and no forum selection clause or similar agreement is present in the Contract.

16. For these reasons as well as the grounds set forth more fully in the attached Memorandum of Law, affidavits, and exhibits, there is nothing present in the Complaint which begins to demonstrate any connection whatsoever with the District of Columbia

WHEREFORE respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Dated: April 30, 2023

    Respectfully submitted,

    /s/ Marsden Bigby
    MARSDEN BIGBY [1047615]
    7717 Camp Alger Avenue
    Falls Church, Virginia 22042
    (301) 412-5275
    Marsden Bigby@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will cause to be sent notification of such filing to all counsel of record.

/s/ Marsden Bigby
MARSDEN BIGBY