UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROCK SPRING LAW GROUP, PLLC,
Plaintiff,

v.

NEXUS SERVICES, INC.,
Defendants.

No.: 23-cv-1070
Judge: Hon. Beryl A. Howell

## AFFIDAVIT OF MICHEAL DONOVAN

I, Micheal Donovan, being duly sworn, deposes and says:

1. I am over 18 years of age, of sound mind and otherwise competent to make this
Affidavit. The evidence set out in the foregoing Affidavit is based on my
personal knowledge unless stated on information and belief, in which case I
believe the facts set forth to be true.

2. I am a resident of Virginia.

3. I am the CEO of Defendant, Nexus Services, Inc. ("Nexus").

4. Plaintiff ("RSG"), approached me in my role as CEO of Nexus, to propose
representing Nexus in litigation pending in the Western District of Virginia;
eventually RSG through Carl Anderson entered an appearance in that matter:
*RLI Ins. Co. v. Nexus Services, et al.*, No. 5:18-cv-00066 (W.D.Va.).

1

5. Mr. Anderson was introduced to myself by a third-party, Micheal Song, a resident of Colorado who provides outside general counsel services for Nexus.

6. RSG did not appear in any matter in the District of Columbia.

7. All discussions involving retaining RSG or Mr. Anderson occurred telephonically or via electronic mail: in all of these interactions I communicated from Virginia.

8. On information and belief, RSG conducts all of its "office-based" work from Mr. Anderson's office, located within his residence in Virginia.

9. On information and belief, RSG transmitted its offer from Virginia—specifically from Mr. Anderson's residence.

10. On information and belief, although RSG has a mailing address in DC and is organized under the laws of DC, this address is not a functional office, but only a mailing address.

11. On information and belief, all substantive services performed by RSG occurred in the Western District of Virginia, in Mr. Anderson's Virginia residence, or throughout Virginia (for instance, Mr. Anderson contacted attorneys from Virginia and interacted with Nexus' staff, also located within Virginia).

12. After reviewing the proposed agreement attached to the Complaint and reviewing my own files, I am unsure if I never formally executed the proposed agreement.

2

13. To the extent that an informal acceptance was proffered, that would have been done telephonically from Virginia.

14. To the extent any negotiations occurred in person, all such would have occurred in Virginia.

15. I have never to my recollection held any meetings with Mr. Anderson in Washington DC.

16. On information and belief, every interaction which I had electronically with Mr. Anderson occurred while both he and I were located in Virginia, in admittedly different locales within the State.

17. I have never had an agreement with Mr. Anderson or RSG which contemplated his appearance in litigation occurring in DC, nor have I ever had an agreement with the Plaintiff which contemplated the provision of services in DC.

18. Neither Defendant nor myself have continuous or systematic contacts with DC, nor do I or Nexus have any substantial or continued presence in the District.

19. On information and belief, the only connection Nexus has to the District, which is relevant to this matter, is the fact that a law firm organized under the laws of DC represented Nexus in a matter pending in the Western District of Virginia.

_____

Micheal Donovan

Date: __05/19/2023__

Sworn to before me this 19th
day of May, 2023



Daniel Grimaldo
Notary Public, State of Texas
Comm. Expires 09-30-2026
Notary ID 133993204

Notarized Online with NotaryLive.com

This document is signed by

| | | |
|---|---|---|
| PDF sign | **Signatory** | CN=Daniel Grimaldo, DNQ=A01410C0000018457DA187D0005359B, O=Texas, C=US |
| | **Date/Time** | Sat May 20 03:22:47 UTC 2023 |
| | **Issuer-Certificate** | CN=IGC CA 1, OU=IdenTrust Global Common, O=IdenTrust, C=US |
| | **Serial-No.** | 85078468265508387409051904163970202742 |
| | **Method** | urn:adobe.com:Adobe.PPKLite:adbe.pkcs7.sha1 (Adobe Signature) |