**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROCK SPRING LAW GROUP, PLLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 23-cv-1070-BAH |
| | ) | |
| v. | ) | |
| | ) | |
| NEXUS SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Opposition to Defendant's Motion to Dismiss**[1]

[1] While Defendant failed to adhere to LCvR7 in its Motion to Dismiss, Plaintiff submits this Opposition. Plaintiff respectfully requests Defendant be instructed to file an errata with its Table and Authorities per LCvR7.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................ **1**

**A. D.C.'s Long-Arm Statute confers jurisdiction over the Defendant.** ........................................ **6**

**B. This Court has jurisdiction under D.C. Code § 13-423 (a)(1) because Defendant transacted business in the District of Columba** ........................................ **6**

**C. This Court has jurisdiction under D.C. Code § 13-423 (a)(1) because the Defendant caused harm for their non-payment in the District of Columbia** ........................................ **9**

**CERTIFICATE OF SERVICE** ........................................ **11**

**Cases**

*Dooley v. United Technologies Corp.*,
786 F.Supp. 65 (D.D.C.1992) ....................7

*Dorothy K. Winston Co. v. Town Heights Development, Inc.*,
376 F. Supp. 1214 (D.D.C. 1974) ....................9

*Fisher v. Bander*,
519 A.2d 162 ( DCCA 1986) ....................10

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ....................7

*Lans v. Llp*,
786 F. Supp. 2d 240 (D.D.C. 2011) ....................10

*Lex Tex Ltd., Inc. v. Skillman*,
579 A.2d 244 (D.C. 1990) ....................9

*Mouzavires v. Baxter*,
434 A.2d 988 (D.C. 1981) ....................8

*Navab-Safavi v. Broad. Bd. of Governors*,
650 F. Supp. 2d 40 (D.D.C. 2009) ....................9

*Navab-Safavi v. Glassman*,
637 F.3d 311 (D.C. Cir. 2011) ....................9

*Plesha v. Ferguson*,
760 F. Supp. 2d 90 (D.D.C. 2011) ....................6

*Quality Air Servs., L.L.C. v. Milwaukee Valve Co.*,
567 F. Supp. 2d 96 (D.D.C. 2008) ....................6

*Shoppers Food Warehouse v. Moreno*,
746 A.2d 320 (D.C. 2000) ....................6

*Staton v. Looney*,
704 F.Supp. 303 (D.D.C.1989) ....................10

*U.S. v. Ferrara*,
54 F.3d 825 (D.C. Cir. 1995) ....................7

*Thompson Hine LLP v. Smoking Everywhere Inc.*,
840 F. Supp. 2d 138 (D.D.C. 2012) .......................................................................... 7,10,11

*World-Wide Volkswagen v. Woodson*,
444 U.S. 286 (1980) ..................................................................................................... 7

**Statutes**

D.C. Code § 13-423 ......................................................................................................... 6,7,8,9

Plaintiff Rock Spring Law Group, PLLC ("RSLG"), respectfully submits the following Opposition to Defendant's Motion to Dismiss.

**A. D.C.'s Long-Arm Statute confers jurisdiction over the Defendant**

Defendants are subject to this Court's jurisdiction under the D.C. long-arm statute because they transacted business in D.C., D.C. Code § 13-423 (a)(1). The D.C. statute explicitly authorizes jurisdiction "over a person, who acts directly or by an agent," such that this Court has jurisdiction. *Id*. Having an active case, placing Plaintiff on the payroll schedule, and making direct payments to Plaintiff is sufficient to transact business within the District of Columbia. *See generally* Exh A. *See also Plesha v. Ferguson*, 760 F. Supp. 2d 90, 93 (D.D.C. 2011).

**B. This Court has jurisdiction under D.C. Code § 13-423 (a)(1) because the Defendants transacted business in the District of Columbia**

Defendants are subject to this Court's jurisdiction because they transacted business in the District. *See* D.C. Code § 13-423 (a)(1). Section 13-423 (a)(1) "permits the exercise of personal jurisdiction to the full extent authorized by the Due Process Clause of the Constitution" and "a single act may be sufficient to constitute transacting business, so long as that contact is voluntary and deliberate, rather than fortuitous." *Quality Air Servs., L.L.C. v. Milwaukee Valve Co*., 567 Supp. 2d 96, 100 (D.D.C. 2008); *see also Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 331 (D.C. 2000) ("Even a small amount of in-jurisdiction business activity is generally enough to permit the conclusion that a nonresident defendant has transacted business here.") (internal citation and quotation omitted). In the present case, Defendant has multiple continuous contacts and multiple business transactions in

the District and the inquiry should end.

The concept of transacting any business in the District of Columbia has been widely litigated in this jurisdiction. The "transacting any business" clause is the equivalent of due process. *See U.S. v. Ferrara,*54 F.3d 825, 828 (D.C. Cir. 1995). When a plaintiff establishes that the defendant has "certain minimum contacts with [the jurisdiction] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice….' " due process is satisfied. *Int'l Shoe Co. v. Washington,*326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Court's may also ask whether "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,*444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Accordingly, to establish personal jurisdiction under the "transacting any business" clause, a plaintiff must prove that the defendant transacted business in the District, the claim arose from those transactions, and the transaction constituted minimum contacts with the District. *Dooley v. United Technologies Corp.,*786 F.Supp. 65, 70 (D.D.C.1992), quoting *Int'l Shoe Co. v. Washington,*326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff meets its burden. *See generally* Exh. A.

Courts have focused on a number of considerations in determining whether a defendant meets the minimum contacts requirement. *See generally Thompson Hine LLP v. Smoking Everywhere Inc.*, 840 F. Supp. 2d 138, 142-43 (D.D.C. 2012). The Defendants in the present case purposefully engaged in multiple business transactions in the District, including: (i) engaging Plaintiff to represent them in an active case before the Office of Administrative Law Judges, an agency within the U.S. Department of Labor and located in the District of Columbia (Exh A); (ii) placed the Plaintiff on the Defendant's employee payroll schedule

as an independent contractor from the District of Columbia (Exh A); and (iii) sent both physical checks and electronic payments to Plaintiff at their offices in the District of Columbia (Exh A). Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss and the Affidavit of Micheal Donovan contain several glaring inaccuracies and omissions. Surprisingly, the inaccuracies and omissions point to the areas in which Defendant transacted business and maintained contacts with the District. Defendant fails to mention they have an active case in the District of Columbia in which Plaintiff previously represented Defendant. *See* Exh. A. Defendant fails to mention they placed Plaintiff on their payroll after requesting the W9 of Plaintiff. *Id*. Defendant also fails to mention that they sent physical checks and electronic payments to a Plaintiff at its office address in the District of Columbia. *Id*. At the very minimum, these inaccuracies and omissions distort Defendant's minimum contacts with the jurisdiction. These inaccuracies and omissions, which could have been confirmed with a proper search of Defendant's own records prior to the filing of the Defendant's Motion to Dismiss, are precisely the transactions that constitute minimum contacts that are required to establish personal jurisdiction in the District of Columbia.

Defendants engaged in precisely the types of business transactions that support the exercise of jurisdiction over out-of-state defendants. Contractual activities are so central to § 13-423(a)(1) that, even when they occur outside the District of Columbia, they may be deemed to occur "in the District" if they "cause a consequence here." *Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C. 1981) While Defendant obscures their transactions with the District, all of them cause consequence here. Additionally, the *Mouzavires* Court correctly points out that "a nonresident defendant need not have been physically present in the District" to be subject to § 13-423(a)(1),. *Id. citing, Dorothy K. Winston Co. v. Town Heights Development, Inc.*, 376 F.

Supp. 1214, 1216 (D.D.C. 1974). The District of Columbia Court of Appeals has even held that an out of state attorney "transact[ed] business" in the District by representing a Florida corporation before the U.S. Patent and Trademark Office. *See Lex Tex Ltd., Inc. v. Skillman*, 579 A.2d 244, 249 (D.C. 1990). While not actually the case here—because Defendant omits the fact that they have an active case before the Department of Labor—it is illustrative because it cuts across their argument that there are no contacts to District of Columbia because Defendants claim Plaintiff never represented Defendant in the District of Columbia. The opposite is true. At the beginning of this matter with the Department of Labor, counsel for the Plaintiff was also granted a power of attorney by a representative of Defendant to act on their behalf and later entered an appearance to represent Defendant. *See* Exh A. Courts have also held that employment decisions made in the District constitute business transactions. *See, e.g.,Navab-Safavi v. Broad. Bd. of Governors*, 650 F.Supp.2d 40, 52 (D.D.C. 2009), *aff'd sub nom. Navab-Safavi v. Glassman*, 637 F.3d 311 (D.C. Cir. 2011). Surprisingly, or conveniently forgotten by Defendant, Defendant placed Plaintiff on the payroll schedule and made nominal payments through its payroll system. Defendant's contention that they lack contacts with the District Columbia is without merit.

**C. This Court has jurisdiction under D.C. Code § 13-423 (a)(1) because the Defendants caused harm for their non-payment in the District of Columbia**

This Court has held that the strongest factor for a local plaintiff is often that the harm caused by the defendant's non-payment was felt in the District of Columbia. *See Thompson Hine LLP v. Smoking Everywhere Inc.*, 840 F. Supp. 2d 138, 143 (D.D.C. 2012) Defendant cites the *Smoking Everywhere Inc.* case (which Plaintiff admits the present case is strikingly similar to the *Smoking Everywhere Inc.* fact pattern but not for the reasons cited by Defendant)

for the premise that Defendant lacks minimum contacts. However, the opposite is true. Defendant continues its harm in the District of Columbia because continued non-payment perpetuates the harm to Plaintiff. *See* Exh. A.

Furthermore, Defendants argument continues to fail a key question as to whether the harm caused by the Defendant is felt in the District. *Lans v. LLP*, 786 F.Supp.2d 240, 271 (D.D.C. 1990); *Fisher v. Bander*, 519 A.2d 162 (DCCA 1986); *Staton v. Looney*, 704 F.Supp. 303, 304–05 (D.D.C.1989). Defendant's failure to pay Plaintiff's invoices directly harmed Plaintiff in the District of Columbia. This harm continues today and will continue until this matter is resolved.

Courts generally find it permissible to bring a party who hired, but then failed to pay, a local lawyer into the local courts in a suit for non-payment. "The strongest argument for a local plaintiff is usually that it would be fair for defendants to be expected to be haled into court here if they did not pay what was owed to a law firm here." *See Smoking Everywhere Inc.*, 840 F. Supp. 2d at 148 *citing Staton v. Looney*, 704 F.Supp. 303, 304–05 (D.D.C.1989); *Lans*, 786 F.Supp.2d at 271; *Fisher*, 519 A.2d at 162. Plaintiff is a law firm incorporated in the District of Columbia, sent invoices to Defendant from the District of Columbia, Defendant sent prior payments to the District of Columbia, and Plaintiff was harmed in the District of Columbia because of continued non-payment in the District of Columbia. That is the end of the inquiry.

Defendant has multiple, systematic and continuous contacts as outlined above. One of several cases Plaintiff represented Defendant in is located in the District of Columbia. The case is still active. Defendant conveniently misrepresents the matters Plaintiff entered appearances in on their behalf. This should be the end of the inquiry.

## CONCLUSION

Defendant availed themselves of the District of Columbia to transact business through multiple contacts including an active case where Plaintiff provided representation, Defendant made payroll decisions in the District of Columbia and Defendant continuously paid Plaintiff in the District of Columbia. Defendant's contacts with the District of Columbia are clearly sufficient to subject it to jurisdiction here. These transactions were voluntary, deliberate and not fortuitous.

Defendant's Motion should be denied in its entirety and the case should proceed without delay.

Plaintiff respectfully requests an oral hearing in this matter.

Dated: June 5, 2023

Respectfully Submitted,

ROCK SPRING LAW GROUP, PLLC

/s/ CARL A. ANDERSON

Carl A. Anderson, D.C. Bar No. 492304
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

## CERTIFICATE OF SERVICE

I certify that on this 5th day of June, 2023, a copy of the foregoing was filed via CM/ECF, which will send a notification of such filing to all counsel of record.

By:

ROCK SPRING LAW GROUP, PLLC

/s/ CARL A. ANDERSON

Carl A. Anderson, D.C. Bar No. 492304
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com